UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SWIRSKI, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PROTEC BUILDING SERVICES, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No: 3:20-cv-01321-LAB-MDD<br><br>**ORDER DENYING MOTION FOR ORDER ESTABLISHING ENTITLEMENT TO ATTORNEYS' FEES AND COSTS [DKT. 58]** |

Plaintiff Laura Swirski originally filed this employment action against Defendant Protec Building Services, Inc. ("Protec"). She alleged that during her employment there as a Human Resources Manager, she was discriminated against on account of her age, harassed, retaliated against, subjected to negligent and intentional infliction of emotional distress, and constructively discharged.

On December 6, 2021, this Court granted Protec's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. (Dkt. 46). Protec then requested that the Court bifurcate its forthcoming motion for attorneys' fees and costs and first consider whether Protec is entitled to attorneys' fees before assessing the proposed value of the rendered services. (Dkt. 48). The Court

granted the bifurcation request and, on January 18, 2022, Protec filed the present Motion for Order Establishing Entitlement to Attorneys' Fees ("Motion") on the basis that when Swirski filed her lawsuit, she was aware that her claims were meritless and lacked foundation, and yet she unreasonably continued to litigate her claims anyway. (Dkt. 58). Swirski did not file an opposition. For the reasons discussed herein, the Court **DENIES** Protec's Motion.

## I.   BACKGROUND

On July 13, 2020, Swirski filed this action against ProTec, alleging that she was forced to resign from ProTec due to an allegedly abusive and hostile work environment, which was motivated by discrimination against Swirski due to her age. (Dkt. 1, Complaint ("Compl.")). Her Complaint alleged twelve causes of action, including: age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and California's Fair Employment and Housing Act ("FEHA"); hostile work environment under FEHA and Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliation under Title VII and FEHA; wrongful discharge in violation of public policy; failure to prevent retaliation and harassment; violation of unfair business practices under California's Unfair Competition Law ("UCL"); intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED"). (*Id.*). Protec filed its Answer to the Complaint on September 14, 2020, largely denying Swirski's claims against it. (Dkt. 4).

After completing discovery, ProTec filed a Motion for Summary Judgment on May 13, 2021, seeking judgment on all of Swirski's claims. (Dkt. 46). On December 6, 2021, the Court granted the motion, dismissing all of Swirski's claims and denying her requests for damages, and reasonable attorneys' fees and costs. (*Id.*). Thereafter, on January 18, 2022, Protec filed the present Motion, requesting a determination from the Court that Protec is entitled to attorneys' fees, expert fees, and costs under Title VII and FEHA. (Dkt. 58).

## II. LEGAL STANDARD

Title VII provides that in "any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." 42 U.S.C. § 2000e-5(k). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22 (1978). However, the Supreme Court has warned district courts against the "understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) (citing *Christiansburg*, 434 U.S. at 421–22). Instead, in assessing a motion such as Protec's here, courts must analyze "plaintiff's reasonable belief at the beginning of litigation." *Zetwick v. Cty. of Yolo*, No. 2:12-cv-02486-TLN-AC, 2015 WL 5600349, at *2 (E.D. Cal. Sept. 22, 2015) (citing *Bruno's Rest.*, 13 F.3d at 288 (9th Cir. 1993)).

California Government Code section 12965 likewise authorizes an award of attorneys' fees and costs in a FEHA action:

> In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, except that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so.

Cal. Gov't. Code § 12965(c)(6); *see also Young v. Exxon Mobil Corp.,* 168 Cal. App. 4th 1467, 1474, 86 Cal. Rptr. 3d 507 (2008) (quoting *Rosenman v.*

*Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro,* 91 Cal. App. 4th 859, 864, 110 Cal. Rptr. 2d 903 (2001)) (holding that unlike a prevailing plaintiff, a "prevailing defendant . . . should be awarded fees under the FEHA only 'in the rare case in which the plaintiff's action was frivolous, unreasonable, or without foundation'"). Despite the discretionary language of California Government Code section 12965, "the statute applies only if the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious." *Mangano v. Verity, Inc.,* 167 Cal. App. 4th 944, 949–50, 84 Cal. Rptr. 3d 526 (2008).

### III.   DISCUSSION

Protec seeks to recoup its fees and costs pursuant to Title VII and FEHA because it prevailed in its Motion for Summary Judgment, resulting in the dismissal of Swirski's claims and requests for damages. It argues that even though Swirski knew her case was meritless at the outset of this litigation, she continued to pursue her claims against it anyway. But Protec can't definitively conclude that Swirski lacked a reasonable belief that she was presenting non-frivolous claims. Her Complaint alleged multiple, specific incidents of age-related comments or questions posed to her about her expected retirement, how much longer she intended to remain working for Protec, and how other potential employees were "too old" to perform certain tasks at the company. (Compl. ¶¶ 36, 43–44, 120–21). The Complaint also included allegations that some of her responsibilities were transferred to another employee at Protec because the other employee was allegedly younger and better at technololgy. (*Id*. ¶¶ 49–50). Taking these factual allegations into consideration, the Court doesn't find her case to be so lacking in evidence as to be groundless or entirely without foundation. *See Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985) (citing *Jones v. Texas Tech University,* 656 F.2d 1137, 1145 (5th Cir. 1981)).

Moreover, the mere fact that a defendant prevails does not automatically support an award of fees. *Coverdell v. Dept. of Social & Health Services*, 834 F.2d

758, 770 (9th Cir. 1987). Although Swirski was unsuccessful in litigating her claims, none of her allegations or her legal positions in this matter were so extraordinary as to require her to pay Protec's attorneys' fees and costs for defending against those allegations. Swirski's claims were not unreasonable, frivolous, meritless, or vexatious. And while her argument was ultimately found to be lacking in merit, it was not patently frivolous, nor does it indicate any bad faith on her part in presenting her arguments. The Court can't conclude that it was entirely clear that this case was "frivolous, unreasonable, or without foundation" at the outset. *See Christiansburg*, 434 U.S. at 421.

In light of this conclusion and given courts' general reluctance to award prevailing defendants attorneys' fees in Title VII and FEHA cases, the Court **DENIES** Protec's Motion.

### IV. CONCLUSION

For the reasons set forth above, Protec's Motion is **DENIED**. (Dkt. 58).

**IT IS SO ORDERED**.

Date: April 29, 2022

_____
Honorable Larry A. Burns
United States District Judge